**Edward C. PATTERSON, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 02–3075.**

United States Court of Appeals, Federal Circuit.

June 5, 2002.

Rehearing En Banc Denied Aug. 8, 2002.

Before CLEVENGER, *Circuit Judge,* FRIEDMAN, *Senior Circuit Judge,* and SCHALL, *Circuit Judge.*

PER CURIAM.

Edward C. Patterson seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely. *Patterson v. United States Postal Serv.,* 90 M.S.P.R. 289 (2001). We *affirm.*

I

Mr. Patterson timely filed an appeal with the Board challenging the decision of the United States Postal Service ("Agency"), his employer, removing him from his position of mail handler, effective October 15, 1991.

On February 6, 1992, an Administrative Judge of the Board issued an opinion af-firming the Agency's removal action. In that decision, it was held that substantial evidence supported the Agency's charge that Mr. Patterson was unable to perform the duties of his position, and that his removal would promote the efficiency of the service. Further, the Administrative Judge held that Mr. Patterson had failed to show that his removal was based on the Agency's failure to accommodate his physical handicap or upon retaliation for participation in protected activities. Mr. Patterson was informed in the decision that the decision would become final on March 12, 1992, unless Mr. Patterson before then filed an appeal with the full Board. He was also similarly advised that he could appeal the decision of the Administrative Judge directly to this court, if he did so within 30 days after the Administrative Judge's decision became final. Thus, Mr. Patterson was advised that if he chose to appeal, he was required to file an appeal with the full Board by March 12, 1992, or, if he elected to forego an appeal to the full Board, he must file his appeal in this court within 30 days after March 12, 1992.

Mr. Patterson did not file an appeal in this court from the February 6, 1992, decision by the Administrative Judge, and that decision became final when he failed to appeal to the full board by March 12, 1992.

Instead, Mr. Patterson filed an appeal with the full Board on August 27, 2001. Because his appeal to the full Board on its face was over nine years late, the Board informed Mr. Patterson that an untimely appeal should include a motion for waiver of the filing time limit and a signed statement showing good cause to explain the untimely filing. Mr. Patterson responded to that invitation but did not explain why he had waited so long to file his appeal to the Board. Because Mr. Patterson failed to provide a reason for which the Board could waive its filing time requirement, it

held that his appeal was untimely, and accordingly dismissed the appeal.

## II

Our standard of review of final decisions of the Board is narrow. We must affirm the Board's final decision unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. When the Board's decision turns on a factual finding, that finding must be supported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

In this case, there is substantial evidence to support the finding that Mr. Patterson's appeal to the Board was not timely. Whether the Board chooses to waive its time requirements is a matter left to its sound discretion, and we will not upset its exercise of that discretion unless the Board abuses its power.

Here, the Board was given no reason by Mr. Patterson to waive its time requirements. Mr. Patterson in his appeal to this court points to no error in the Board's exercise of its discretion. We therefore affirm the final decision of the Board.